IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **11-cr-38-JLK**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**GARY DOUGLAS WATLAND,**

        Defendant.

---

**ORDER re Doc. 43 MOTION FOR PROTECTIVE ORDER**

---

Kane, J.

This matter is before me on Defendant Watland's Motion for Protective Order (Doc. 43), seeking an order broadly proscribing the Office of the United States Attorney "from obtaining, maintaining, and using defense confidential material and information obtained as a result of the fact that Mr. Watland is in the custody of the U.S. Bureau of Prisons." Mot. (Doc. 43) at 1. I am generally persuaded by Judge Lodge's decision in *United States v. Duncan*, CR No. 07-023-N-EJL (D. Idaho July 19, 2007), and GRANT the Motion in part and DENY it in part. Specifically, I agree that the revelation of potential defense experts through the visitor logs circumvents the standard procedure for disclosure of experts set forth in Rules 12.2 and 16 of the Federal Rules of Criminal Procedure and undermines the Criminal Justice Act's prescription that expert and investigative services for indigent criminal defendants be pursued on an *ex parte* basis. I find counsel's constitutional arguments for the protective order sought unpersuasive, but

given my ruling, I do not need to address those arguments with any specificity at this point in time. Accordingly,

    1. The request that visitor logs and documents sent by defense counsel to the BOP and marked "work product privilege" related to inmate visits not be routinely turned over to prosecutors is GRANTED. IT IS ORDERED that letters or copies of letters sent by members of Watland's defense team to Watland, or to BOP staff at ADX, FCI Englewood, or any other BOP facility, and designated "attorney work product," shall not be provided to federal prosecutors other than pursuant to an order of the Court. To facilitate the secure implementation of this prohibition, the BOP shall not place such materials in Mr. Watland's "central inmate file," but in a separate file for confidential or designated-confidential materials.

    2. The request that prosecutors be "forbidden from using information obtained from such materials in the course of prosecuting Mr. Watland" (Mot. at 4) is DENIED as overbroad and premature. I may revisit this issue, on a discreet motion from Defendant, if and when facts arise demonstrating an actual risk that the government is using or intends to use defense counsel "work product" in the course of its prosecution of Mr. Watland.

    3. The request that prosecutors be ordered to "purge" and "destroy" all copies of any such produced documents and then to "certify" the same is also DENIED. There is no basis on the record before me to find the Mr. Watland or his defense has been prejudiced by the disclosures that have occurred to date, and find the request heavy-

handed. Again, under appropriate circumstances and on an appropriate showing, the relief afforded in ¶ 2 above will suffice to protect against any unfair or prejudicial use of any improvidently disclosed information.

Dated April 15, 2011.          **s/John L. Kane**
                                                    SENIOR U.S. DISTRICT JUDGE