IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| **Civil Action: 11-cr-00038-JLK-CBS** | FTR - Reporter Deck-Courtroom A402 |
| **Date: May 16, 2012** | Courtroom Deputy: Robin Mason |

*Parties:*  *Counsel:*

UNITED STATES OF AMERICA,   Michael Carey

 Plaintiff,

v.

GARY DOUGLAS WATLAND,   Gail Kathryn Johnson
 Nathan Dale Chambers *(appearing by video)*
 Patrick J. Burke

 Defendant.

**COURTROOM MINUTES/MINUTE ORDER**

**HEARING: EVIDENTIARY HEARING–DAY 2**
**Court in Session:   9:08 a.m.**
Court calls case. Appearances of counsel. *Mr. Gary Watland appears at by video with defense counsel Nathan Chambers.*

The court advises the witness, Mr. Lloyd that he is still under oath.

9:08 a.m.   Continuation of Cross examination of Mr. Lloyd by Ms. Johnson.

9:13 a.m.   Court asks questions of Mr. Lloyd.

9:15 a.m.   Continuation of Cross examination of Mr. Lloyd by Ms. Johnson.

Ms. Johnson moves to have defendant's exhibit N admitted. Mr. Carey objects. Discussion regarding the admittance of this exhibit. Defendant's exhibit N was not admitted.

9:32 a.m.   Continuation of Cross examination of Mr. Lloyd by Ms. Johnson.

| | |
|---|---|
| 9:46 a.m. | Court asks questions of Mr. Lloyd. |
| 9:48 a.m. | Continuation of Cross examination of Mr. Lloyd by Ms. Johnson. |
| 10:07 a.m. | Court asks questions of Mr. Lloyd. |
| 10:19 a.m. | Re-direct examination of Mr. Lloyd by Mr. Carey. |
| 10:29 a.m. | Re-cross examination of Mr. Lloyd by Ms. Johnson. |
| 10:34 a.m. | Court asks questions of Mr. Lloyd. |

Counsel for the plaintiff and for the defendant informs the court they have no further witnesses to call to testify.

**10:43 a.m.    Court in Recess**
**10:56 a.m.    Court in Session**

Discussion regarding declarations contained in the government's STATUS REPORT Concerning Discovery as of January 17, 2012 (Docket No. 323, filed on 1/17/2012).

Mr. Carey moves to have the declarations contained in Docket No. 323, plaintiff's exhibit 1, exhibit 2, and exhibit 6 admitted. Ms. Johnson objects to the submission of the declarations contained in Docket No. 323. Discussion regarding the submission of the declarations contained in Docket No. 323. The declarations contained in Docket No. 323 were not admitted.

**Plaintiff's Exhibit 1, Plaintiff's Exhibit 2, and Plaintiff's Exhibit 6 are admitted.**

Discussion regarding request number twenty-six (26), Mr. Douglas Cramer's declaration, and why Mr. Cramer was not here to testify.

Discussion regarding defendant's exhibit B, Rule 37(a), and the court granting the motion to compel.

Defense counsel informs the court that they feel discovery production by the government is still incomplete. Discussion between the court and the government regarding the information that has been produced to the defendant. Defense counsel addresses the court regarding how the discovery process has impacted their ability to focus on trial preparations.

**12:41 p.m.    Court in Recess**
**1:35 p.m.     Court in Session**

Discussion regarding how to bring an end to the outstanding discovery requests still in dispute.

**THE COURT ORDERS:** in order for the court to finally get its hands around this problem the government, within 2 calendar weeks of today's date shall provide the court and copy defendants on the following: a comprehensive, exhaustive report from the government that addresses each and every one of the requests that were set forth in document number 101 (which was the defendant's motion for discovery that was addressed by Judge Kane) for each of those requests and for each subsection of those requests, the government must provide the court with the following information: for each request and subsection the court wants to know precisely, by name, who participated in the search for documents responsive to that particular request (who they are, what their title is, and where they are assigned). In addition, the court wants to know for each of those persons when they received direction to participate in the search, from who they received those directions, and the nature of those directions (i.e. written copy of the particular discovery request, oral instructions "to go look for…" etc.).

The court wants to know each and every repository for which responsive documents were checked. Whether the documents are physical or maintained in an electronic format. Wherever they searched the court wants to know. To the extent that potentially responsive information is or was maintained in electronic form, the court wants to know what databases were searched. The court wants to know if the databases are on an active system or whether the databases are saved in a backup or a legacy system. To the extent that the potential responsive information is on a backup or legacy system, the court wants to know what capabilities exist to search this backup or legacy system and what steps, if any, were undertaken to retrieve information from backup or legacy system and when those efforts to retrieve were undertaken and at whose direction. For all materials responsive to the discovery request, the court wants to know what is the institutional, if there is an institutional retention period, that corresponds to the category of material (if it is one year, or three years, etc.). The court wants a specific reference to the policy document where that retention period is located. To the extent that responsive information is subject to a specified retention period, the court wants to know what steps were undertaken, and by whom, to determine if alternative copies are in their possession (court refers to Mr. Lloyd's testimony as an example). The court want to know if there is an official retention policy and to the extent there are unofficial retention policies or practices, the court want to know what steps were undertaken to see that responsive documents were maintained under those unofficial practices.

The court wants and requires that the government shall, for each request and subsection of that request, to say under oath, either that all documents have been produced or all documents have not been produced. If the government represents that all documents have been produced, the court will need a clear, unequivocal statement as to why the government believes that the court should accept that representation. The court reiterates that this applies for each and every request and subsection of that request. The court further reiterates that this applies for all discovery whether in dispute or not. The purpose is for the court to gain a clear, full, and complete understanding as to what the government has done, all in one document, and why the government believes that it has completed its discovery obligations. The court informs the government that this submission shall not only be submitted by the U.S. Attorney's office but that the court shall require that an affidavit be submitted by the general counsel for the Bureau of Prisons attesting that their employees have done everything that was set forth. Once the court receives this information and the information has been reviewed by defense counsel, the court will set a hearing to determine which, if any, of the outstanding discovery issues can finally be resolved.

The court advises the government that it will need all this information within 2 weeks of today's hearing.  To the extent that this report indicates that all responsive documents have not been produced, the government shall provide the court with a proposed date certain as to when those documents will be produced.  The court will make a decision as to whether or not the proposed date certain will be accepted.  The court shall also require that an explanation as to why those documents had not been previously produced be provided.

Ms. Johnson addresses the court regarding the defendant's exhibit M (which is the March 14th hearing) where the government was previously ordered to produce a witness to testify as to the timing of the litigation hold and decisions that were made, in terms of document destruction and retention, after the government was on reasonable notice that Mr. Watland was going to be the subject of litigation.  Ms. Johnson states that there was no testimony regarding this and that they feel that the government has not met this burden.  Ms. Johnson would like to have this subject added to the previously ordered list of information the government shall produce to the court and defense counsel.  The court advises Ms. Johnson that it not sure there was a litigation hold in place.

**THE COURT FURTHER:** directs the government that for each of the categories or subset, the government shall be required to identify whether the documents requested by a particular request or subset was the subject of a litigation hold, if it was, when that litigation hold was put in place, by whom it was put in place, and what steps that person, or some other person, took to be in compliance with the litigation hold.

Further discussion between the court and Ms. Johnson regarding whether or not a litigation hold may have been put in place and when.

The court addresses the parties regarding the government's MOTION for Reconsideration re #157 Order on Motion to Disclose Grand Jury Material (Docket No. 413, filed on 3/22/2012) and the defendant's RESPONSE in Opposition by Gary Douglas Watland re #413 MOTION for Reconsideration re #157 (Docket No. 438, filed on 4/12/2012).  The court advises the government that it shall produce responsive information for institutions and facilities beyond the boundaries of Colorado.  The court addresses the governments concerns regarding this request being burdensome and cites related case law as to the obligations the government holds.

**ORDERED:**   For reasons as stated on the record, the court **DENIES** the government's MOTION for Reconsideration re #157 Order on Motion to Disclose Grand Jury Material (Docket No. 413, filed on 3/22/2012) .

**The court further orders:** that the government shall be required to produce all information, with respect to stabbings at the Bureau of Prisons facilities, for the requested time period.  However, due to the amount of information being asked to be produced, the government shall undertake this production in phases.  The government must first produce the responsive documents for the four institutions where Mr. Watland was housed by the Federal Bureau of Prisons (including Florence).  The government will then be required to produce responsive documentation, for the relevant time period, for all other United States penitentiaries or maximum housing facilities or maximum security facilities.  The government shall be required to

produce the second phase of discovery and the defense counsel must have it reviewed within two weeks. The parties shall be required to put together a conference call to the court. At that time the parties shall discuss, based on the information disclosed from phase one, phase two, and the previously disclosed information for Colorado, to what extent and on what schedule the remainder of the production shall take place, if deemed necessary.

Discussion between the court and the government regarding when phase one and phase two can be completed.

**The court further orders:** that the government shall produce phase one within 3 weeks of today's date; the information for the other U.S. institutions, which is phase two, be produced within 45 days after the deadline for phase one. The court advises the government that if those deadlines are not workable the parties shall put together a conference call to the court to explain why and propose new deadlines.

Discussion between the court and Mr. Carey regarding the potential volume of these productions as they relate to stabbings. The court clarifies that if the F.B.I. was included in the Colorado request originally then they shall also be included in this Colorado production.

The court addresses the parties regarding the government's MOTION for Protective Order and to Regulate Discovery (Docket No. 377, filed on 2/29/2012) and the defendant's RESPONSE to Motion by Gary Douglas Watland re #377 MOTION for Protective Order and to Regulate Discovery (Docket No. 411, filed on 3/21/2012).

Discussion regarding the specific areas of relief that are unopposed by the defendant, what specific areas of relief are being opposed by the defendant, the specific language that should be used, and what persons should be included to satisfy both sides. Ms. Johnson requests to also have Mr. Brian Layton included on the defendant's list of people he may stay in contact with. Mr. Carey has no objections. The court shall allow Mr. Brian Layton to be added to this list. Continued discussion regarding the specific language that should be used and what persons should be included to satisfy both sides.

The court shall grant the relief requested in subsection one, paragraph four. The court shall grants the relief requested in subsection two, paragraph two to the extent that it seeks an order requiring all communications with potential witnesses shall be accomplished only by defense counsel. The only exceptions to subsection two shall be the exceptions already included in subsection one. This order shall be subject to a future request, with good cause shown, that the court revisit this matter.

Discussion between the court and Mr. Chambers regarding how to deal with prison personnel communicating with Mr. Watland as a result of this order. Mr. Chambers believes that any of these individuals could, at some point, become a witness. The court advises Mr. Chambers that they are not subject to the limitations of this order if those communications are not related to Mr. Watlands case.

Discussion regarding paragraph three subsection four, Rule 49.1, and privacy protection. Discussion regarding subsection three, subsection four, and subsection five of paragraph four on page five. Mr. Carey addresses the court regarding why this request is unreasonable. Further discussion regarding Rule 49.1.

**ORDERED:** Subject to the modifications as stated on the record, the court **GRANTS** the government's MOTION for Protective Order and to Regulate Discovery (Docket No. 377, filed on 2/29/2012) .

**ORDERED:** The court **GRANTS** the government's MOTION for Order To Restrict Document #334 (Docket No. 332, filed on 1/23/2012). The court **GRANTS** the government's MOTION for Leave to Restrict Document (Docket No. 378, filed on 2/29/2012). The court **GRANTS** the government's MOTION for Leave to Restrict Document (Docket No. 455, filed on 4/30/2012).

The court addresses the parties regarding the defendant's MOTION to Compel Production of Documents Withheld by the Government Due to Assertions of Privilege Protection or Work-Product Protection (Docket No. 322, filed on 1/17/2012), the government's RESPONSE in Opposition by USA as to Gary Douglas Watland re #322 MOTION to Compel Production of Documents Withheld by the Government Due to Assertions of Privilege Protection or Work-Product Protection (Docket No. 331, filed on 1/23/2012) which includes the documents submitted for in-camera review.

The court shall grant the governments assertion of privilege. The court shall deny the motion to compel to the extent that the motion challenged the governments assertion of privilege. Discussion regarding the government invoking some privilege other than attorney-client or work product. Discussion regarding the government asserting a law enforcement privilege, the government asserting an informant privilege, and the well-established case law regarding this subject. To the extent that the motion seeks to compel production of documents withheld for privilege on the basis of privilege other than attorney-client or work product, the motion shall be granted. The subject documents shall be produced, to defense counsel, as stated on the record. These documents may not be produced to Mr. Watland, absent a further order of the court, after the showing of good cause.

**ORDERED:** For reasons as stated on the record, the court **GRANTS IN PART and DENIES IN PART** the defendant's MOTION to Compel Production of Documents Withheld by the Government Due to Assertions of Privilege Protection or Work-Product Protection (Docket No. 322, filed on 1/17/2012).

Mr. Carey requests to revisit the government's MOTION for Reconsideration re 157 Order on Motion to Disclose Grand Jury Material (Docket No. 413, filed on 3/22/2012). Mr. Carey advises the court that an appeal will be filed with Judge Kane. Discussion regarding possible costs involved, any possible sanctions that may be imposed, and if deemed needed an appeal to the 10th Circuit.

Discussion between Mr. Carey and the court regarding the courts previous ruling as to the disclosure of information. Mr. Carey wants the court to put limitations on the location where the defense counsel can view the discussed documents. The court does not feel that this is a reasonable request.

Discussion between the court and Ms. Johnson regarding request number 53 documents that will be produced as well as the documents to be produced as a result of the partial granting of the motion to compel. Ms. Johnson requests to have a designation put on those documents. To the extent that a designated process can be followed without drastically slowing down the production, the court feels that this is a reasonable request.

Discussion between the court and Mr. Carey regarding item number 37, that was referenced in the government's NOTICE Concerning Hearing Scheduled May 15, 2012 (Docket No. 454, filed on 4/30/2012), which is issue number two (dealing with a sexual assault and the 41 videos). The government does not see the materiality of this material being produced. Discussion regarding the impact Brady has on this subject. The court advises Mr. Carey that he shall produce the hard copy pages but shall not be required to produce the telephone records of calls or videos at this time.

HEARING CONCLUDED.

**Court in recess**:      **3:16 p.m.**
Total time in court:     05:01

To order transcripts of hearings with Magistrate Judge Shaffer, please contact Avery Woods Reporting at (303) 825-6119 or toll free at 1-800-962-3345.