IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| **Civil Action: 11-cr-00038-JLK-CBS** | FTR - Reporter Deck-Courtroom A402 |
| **Date: October 19, 2012** | Courtroom Deputy: Robin Mason |

*Parties:*                                              *Counsel:*

UNITED STATES OF AMERICA,                Michael P. Carey
                                                        Kurt J. Bohn
                                                        Jeffrey Bradford Kahan

    Plaintiff,

v.

GARY DOUGLAS WATLAND,                    Nathan Dale Chambers
                                                        Gail Kathryn Johnson
                                                        Patrick J. Burke

    Defendant.

---

### COURTROOM MINUTES/MINUTE ORDER

**HEARING:   MOTION HEARING**
**Court in Session:     1:31 p.m.**
Court calls case.  Appearances of counsel.

The court addresses the parties regarding the defendant's NOTICE of Waiver of Appearance at the October 19, 2012 Motions Hearing (Docket No. 603, filed on 9/28/2012) and the government's RESPONSE by USA as to Gary Douglas Watland Notice of Waiver of Appearance response (Docket No. 605, filed on 10/1/2012).  The court accepts that the defendant has knowingly waived his appearance for today's hearing.

The court addresses the parties regarding the pending referred motions.

Argument and discussion regarding the government's MOTION for Disclosure Pursuant ro [*sic*] Rule 12.2 (Docket No. 549, filed on 8/13/2012).

**ORDERED:**   The court **DENIES** the government's MOTION for Disclosure Pursuant ro [*sic*] Rule 12.2 (Docket No. 549, filed on 8/13/2012).  The court shall require the defendant to

>   either provide a Rule 12.2 notice (a clear and unequivocal notice) **no later than 30 days before trial** or a clear and unequivocal statement that there will be no assertion of mental illness or defect.

Argument and discussion regarding the defendant's MOTION for Disclosure of Government Witnesses 120 Days Before Trial (Docket No. 556, filed on 8/23/2012).

**ORDERED:** The court **DENIES** the defendant's MOTION for Disclosure of Government Witnesses 120 Days Before Trial (Docket No. 556, filed on 8/23/2012). Both sides shall simultaneously disclose **4 weeks or 30 days before trial**.

Argument and discussion regarding the defendant's MOTION for Disclosure of Government Exhibits 120 Days Before Trial (Docket No.557, filed on 8/23/2012).

**ORDERED:** The court **DENIES** the defendant's MOTION for Disclosure of Government Exhibits 120 Days Before Trial (Docket No.557, filed on 8/23/2012). Both sides shall reciprocally disclose exhibits **4 weeks or 30 days before trial**.

Mr. Burke informs the court as to the hardship the defense counsel will have being asked to reciprocally disclose their exhibits and to simultaneously disclose witnesses. The court advises Mr. Burke that they will need to make a good cause showing (by the filing of a motion) as to why Judge Kane should depart from his normal practice standards with respect to the reciprocal disclosure of exhibits and the simultaneous disclosure of witnesses.

Argument and discussion regarding the defendant's MOTION for Disclosure of 404(b) Evidence 120 Days Before Trial (Docket No. 558, filed on 8/23/2012).

**ORDERED:** The court **DENIES** the defendant's MOTION for Disclosure of 404(b) Evidence 120 Days Before Trial (Docket No. 558, filed on 8/23/2012). The government represents to the court that there will be no disclosure of 404(b) evidence. **No later than 30 days before trial**, the government shall be required to provide defense counsel with a clear, unequivocal, definitive statement either disclaiming any intention to offer 404b evidence or conversely identifying the 404(b) evidence.

Argument and discussion regarding the defendant's MOTION for Disclosure of Government Experts 120 Days Before Trial (Docket No. 559, filed on 8/23/2012).

**ORDERED:** The court **DENIES** the defendant's MOTION for Disclosure of Government Experts 120 Days Before Trial (Docket No. 559, filed on 8/23/2012). The court shall require the government to disclose Rule 16(a)(1)(g) disclosures of expert testimony **30 days before trial** (30 days before the commencement of trial on liability).

Argument and discussion regarding the defendant's MOTION for James Hearing (Docket No. 578, filed on 9/14/2012).

**ORDERED:** The court **DENIES** the defendant's MOTION for James Hearing (Docket No. 578, filed on 9/14/2012). The government represents to the court that it does not intent to offer statements pursuant to Rule 801(d)(2)(e). **No later than 30 days before trial**, the government shall provide defense counsel with a clear unequivocal statement as to whether or not that is still the governments intent. If the governments intent is to offer statements pursuant to Rule 801(d)(2)(e), those statements must be disclosed **at least 30 days before trial** to allow Judge Kane time to deal with whatever James issues or hearings he wishes.

Argument regarding the government's MOTION for Sanctions (Docket No. 512, filed on 6/22/2012). Discussion regarding request number 66 on page six, Rule 16 and Brady pertaining to materiality, the motions hearing held on August 9, 2011 before Judge Kane pertaining to material evidence, the motions hearing held on June 6, 2012 before Judge Kane pertaining to sanctions that could be imposed, the defendant's MOTION for Discovery (SPECIFIC) and Brady Information (Docket No. 101, filed on 6/1/2011), the government's RESPONSE to Motion by USA as to Gary Douglas Watland re #101 MOTION for Discovery (SPECIFIC) and Brady Information (Docket No. 111, filed on 6/21/2011), and the defendant's REPLY TO RESPONSE to Motion by Gary Douglas Watland re #101 MOTION for Discovery (SPECIFIC) and Brady Information (Docket No. 133, filed on 7/12/2011). Related cases cited on the record.

The court advises the parties that it will write a recommendation for Judge Kane regarding the government's MOTION for Sanctions (Docket No. 512, filed on 6/22/2012).

The court addresses the parties regarding the defendant's MOTION to Compel Forthwith Production of Discovery and Brady Materials Responsive to the Court's August 9, 2011 Orders Granting Request Nos. 35 & 36 (Docket No. 582, filed on 9/19/2012) and the defendant's Second MOTION for Discovery and Brady Material and Information (Docket No. 594, filed on 9/28/2012).

Argument and discussion regarding the defendant's MOTION to Compel Forthwith Production of Discovery and Brady Materials Responsive to the Court's August 9, 2011 Orders Granting Request Nos. 35 & 36 (Docket No. 582, filed on 9/19/2012).

For reasons as stated on the record,

**ORDERED:** The court **GRANTS** the defendant's MOTION to Compel Forthwith Production of Discovery and Brady Materials Responsive to the Court's August 9, 2011 Orders Granting Request Nos. 35 & 36 (Docket No. 582, filed on 9/19/2012).

The court shall require the government to produce responsive materials (information responsive to numbers 35 and 36) as elaborated on page 2 of the defendant's reply brief. The responsive materials shall be produced within 3 weeks of today's date.

The court further addresses the parties regarding the defendant's Second MOTION for Discovery and Brady Material and Information (Docket NO. 594, filed on 9/28/2012). Since this motion has not yet been fully briefed no ruling shall be made at this time.

Discussion regarding Mr. Burke requesting to have the time frame expanded to respond to numbers 35 and 36.

**ORDERED:** The government shall have **30 days from today's date** to respond to requests number 35 and 36.

HEARING CONCLUDED.

**Court in recess**:   **3:38 p.m.**
Total time in court:   02:07

To order transcripts of hearings with Magistrate Judge Shaffer, please contact Avery Woods Reporting at (303) 825-6119 or toll free at 1-800-962-3345.