IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **11-cr-38-JLK**

**UNITED STATES OF AMERICA**,

       Plaintiff,

v.

**GARY DOUGLAS WATLAND,**

       Defendant.

_____

**ORDER re Doc. 1026 and Reliability and Admissibility
of Penalty Phase Evidence Issue**

_____

Kane, J.

      Defendant filed his Motion for Hearing re Reliability and Admissibility of Government's

Penalty-Phase Evidence on July 2, 2013 (Doc. 1026). The Motion was premised on the

government's failure at that time to disclose exactly what evidence it intended to rely on in any

penalty phase of this trial and assailed efforts at "trial by ambush."  The Motion also requested

an in limine hearing on the government's evidentiary disclosures to date so that the general

reliability and admissibility of the government's penalty-phase evidence could be assessed

outside the presence of the jury.

      Before briefing on Doc. 1026 was complete, Defendant acknowledged that the

government had been ordered to "file a more complete proffer of much of its penalty-phase

evidence" and <u>specifically asked me "to defer ruling on this matter again until the defense has</u>

<u>had the opportunity to evaluate and file a motion regarding the government's [upcoming, viz.</u>

<u>September 17th] proffer</u>."  Reply (Doc. 1104) p. 3.  Defendant never filed a supplemental motion.

Instead, he insists on invoking, in incessantly vague terms, arguments made in July and August

to the reliability and admissibility of evidentiary proffers articulated after that in September.

It had been the Court's view that the government's updated Informative Outline resolved most of the issues raised in Doc. 1026.  By continuing to bring those issues up – in the most strenuous of terms –  the defense clearly disagrees.  For that reason I acquiesced in the request for a hearing and set it in with the December 10-13 hearings on motions in limine.  *See* Minutes for 10/22/13 hg. (Doc. 1259).  Now, however, in anticipation of that hearing, Defendant is ORDERED to either FILE an AMENDED MOTION challenging the reliability/admissibility of the government's penalty-phase evidence as it indicated in August that it would, or FILE a SUPPLEMENTAL Reply in support of Doc. 1026, updating its August Reply (Doc. 1104).  The filing is due ON OR BEFORE November 27, 2013, and MUST BE TAILORED to the government's updated evidentiary proffer (Doc. 1174).  In addition, the Defendant SHALL FILE a form of pretrial order no later than December 6, 2013, on its challenge to the government's penalty-phase evidence, identifying each evidentiary proffer it is challenging with legal authority for why it is inadmissible or unreliable.  I will evaluate these challenges as motions in limine, and preemptively advise Defendant that Judge Daniel's pre-vetting of prior bad act evidence in *Sablan* was distinguishable procedurally and will not, by itself, support a wholesale pre-vetting of all of the government's proffers.


Dated: November 20, 2013                    **s/John L. Kane**
                                            SENIOR U.S. DISTRICT JUDGE

2