# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00038-JLK-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   GARY DOUGLAS WATLAND,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Kurt J. Bohn, Assistant United States Attorney for the District of Colorado, and the defendant, GARY DOUGLAS WATLAND, personally and by counsel, Gail K. Johnson, submit the following Plea Agreement pursuant to D.C. Colo. LCrR 11.1.

### I. PLEA AGREEMENT

The defendant agrees to plead guilty to Count One of the Indictment which charges a violation of 18 U.S.C. § 1111, First Degree Murder.

In exchange for the defendant's plea of guilty, the parties further agree to the following terms, conditions, and promises:

First, that upon the Court's acceptance of the defendant's plea of guilty to First Degree Murder the United States will withdraw its initial Notice of Intent to Seek the Death

1

COURT EXHIBIT
1

Penalty (Docket #25), Amended Notice of Intent to Seek the Death Penalty (Docket #381), and Second Amended Notice of Intent to Seek the Death Penalty (Docket #1038);

Second, that upon the Court's acceptance of the defendant's plea of guilty to First Degree Murder the parties agree that any pending motions and discovery requests will be withdrawn as moot;

Third, the defendant hereby waives any further claim for production of discovery responsive to any and all discovery requests, orders, or other obligations in this case.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the plea is being tendered are as follows:

### Count One

*First*: the defendant caused the death of Mark Baker;

*Second*: the defendant killed Mark Baker with malice aforethought;

*Third*: the killing was premeditated; and

*Fourth*: the killing took place within the territorial jurisdiction of the United States.

10th Cir. Pattern Instruction 2.52.

### III. STATUTORY PENALTIES

The statutory penalty for a violation of 18 U.S.C. § 1111, when death is not authorized, is mandatory life imprisonment without the possibility of parole, up to a $250,000.00 fine or both; not more than 5 years supervised release, and a $100.00 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the

Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is August 10, 2008.

Further, the parties agree that the evidence at trial would show as follows: On August 10, 2008, the defendant was incarcerated at the United States Penitentiary (USP) in Florence, Colorado. The USP-Florence is located on property that is under exclusive federal jurisdiction as defined by 18 U.S.C. § 7(3).

On August 10, 2008, at approximately 2:48 p.m., the defendant, an inmate at USP-Florence, entered Bravo Unit-A from the exercise yard. The defendant went immediately to the second tier of the housing unit then returned to the first floor. For several minutes the defendant walked around the housing unit and engaged in brief conversation with several inmates. At approximately 2:58 p.m., in a large common room, Mark Baker and three other inmates gathered at a table to play poker. While Mr. Baker and the three other inmates were assembled at the card table, the defendant walked around the perimeter of the dayroom and positioned himself behind Mr. Baker. At approximately 2:59 p.m. the defendant approached Mr. Baker and proceeded to stab him in the neck with two initial blows – both of which were lethal. One blow was to the carotid artery and a second blow severed the brain stem. Mr. Baker fell to the floor dead. The defendant then circled around and while standing over Mr. Baker's lifeless body stabbed him three times on the right side of Mr. Baker's mid-section. While Correctional Officers were

responding to the situation, the defendant walked back up to Mr. Baker and kicked him in the head. The defendant then complied with the orders of the Correctional Officers and surrendered his weapon as he entered the TV room and was secured.

The defendant admits that he caused the death of Mark Baker deliberately and intentionally, and that his actions were with a callous and wanton disregard for human life. Further, the defendant admits that his killing of Mark Baker was done after planning and deliberation.

## VI. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 4 Feb. 2014

_____
GARY DOUGLAS WATLAND
Defendant

Date: Feb. 4, 2014

_____
GAIL K. JOHNSON
Attorney for Defendant

Date: 5 Feb/14

_____
KURT J. BOHN
Assistant U.S. Attorney