## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-38-JLK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

GARY WATLAND,

     Defendant.

---

### STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, that all representations contained herein are true and correct, and that my attorney has assisted me as I have reviewed and completed this form.

1. The nature of the charge(s) against me has been explained to me by my attorney and the court. I have had an opportunity to discuss with my attorney and with the court the nature of the charge(s) and the elements which the government is required to prove.

2. I understand that the offense to which I am pleading guilty carries a mandatory sentence of life imprisonment without the possibility of release.

3. I know that the following penalties may be imposed upon me under the law, as a result of my guilty plea:

    a. Mandatory life imprisonment which term of imprisonment must be imposed to run consecutively to any undischarged term of imprisonment;

COURT EXHIBIT
2

   b.  A special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

   c.  Loss of civil rights, including but not limited to the rights to possess

firearms, vote, hold elected office, and sit on a jury.

  4.  I know that I can be represented by an attorney at every stage of this proceeding,

and I know that, if I cannot afford an attorney, one will be appointed to represent me at the

government's expense.

  5.  I know that I have a right to plead "not guilty," and I know that if I do plead "not

guilty," I can persist in that plea.

  6.  I know that I have a right to a trial by jury, and I know that if I choose to stand

trial:

   a.  I have a right to the assistance of an attorney at every stage of the

     proceeding;

   b.  I have a right to see and observe the witnesses who testify against me;

   c.  My attorney can cross-examine all witnesses who testify against me;

   d.  I can call such witnesses as I desire, and I can obtain subpoenas to require

     the attendance and testimony of those witnesses;

   e.  If I cannot afford to pay the expenses that witnesses incur, the government

     will pay those expenses, including mileage and travel expenses, and

     including reasonable fees charged by expert witnesses;

   f.  I cannot be forced to incriminate myself and I do not have to testify at any

     trial;

   g.  I can testify at my trial if I choose to, and I do not have to decide whether

to testify until after I have heard the government's evidence against me;

h.   If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my failure to testify;

i.   The government must prove each and every element of the offense(s) with which I am charged, beyond a reasonable doubt;

j.   In order for me to be convicted, the jury must reach a unanimous verdict of guilty; and

k.   If I were to be convicted, I could appeal, and if I could not afford an appeal, the government would pay the cost of the appeal, including the cost of the services of an appointed attorney.

7.   I know that if I plead guilty, there will not be a trial of any kind.

8.   I know that if I plead guilty, there will be no appellate review of the question of whether or not I am guilty of the offense to which I have pled guilty.

9.   No agreements have been reached and no representations have been made to me as to what the sentence in this case will be, except that which is explicitly detailed in the document entitled "Plea Agreement," which will be tendered to the court during this proceeding. I further understand that any agreements and stipulations in the document entitled "Plea Agreement" are binding on the court only if the parties ask the court in that document to be so bound and only if the court agrees to be so bound when it accepts my guilty plea.

10.   The only plea agreement which has been entered into with the government is that which is set out in the document entitled "Plea Agreement," which will be tendered by the government and me in this case and which I incorporate herein by reference.

3

11.     I know that when I enter my plea of guilty, the court may ask me questions under oath about the offense to which I have pled guilty.  The questions, if asked of me on the record and in the presence of my attorney, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

12.     I know that I have the right to ask the court any questions that I have concerning my rights, these proceedings, and my plea to the charge.

13.     I am fifty-one (51) years of age.  My education consists of completion of an AA degree from Merced Community College.  I can understand the English language.

14.     Other than the promises of the government set out in the document entitled "Plea Agreement," no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea in this case.

15.     No one has promised me that I will receive probation or any other form of leniency because of my plea of guilty.

16.     I have had sufficient opportunity to discuss this case and my intended plea of guilty with my attorney.  I do not wish to consult with my attorney any further before I enter my plea of guilty.

17.     I am satisfied with my attorney.  I believe that I have been represented effectively and competently in this case.

18.     My decision to enter the plea of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea of guilty.  I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter my guilty plea.  I am not

now under the influence of any drugs, medication or intoxicants.

19.     I have no mental reservations concerning the entry of my plea.

20.     Insofar as it shows conduct on my part, the summary of facts set out in the document entitled "Plea Agreement" is true and correct, except as I have indicated in that document.

21.     I know that I am free to change or delete anything contained in this statement and that I am free to list my objections and my disagreements with anything contained in the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing." I accept both documents as they are currently drafted.

22.     I wish to plead guilty to the following charge:

18 U.S.C. §1111, First Degree Murder

Dated this ___4___ day of February, 2014

_____
Gary Watland, Defendant

I certify that I have discussed this statement and the document entitled "Plea Agreement" with the defendant. I certify that I have fully explained the defendant's rights to him or her and have assisted him or her in completing this form. I believe that the defendant understands his or her rights and this statement. I believe that the defendant is knowingly and voluntarily entering his or her plea with full knowledge of his or her legal rights, and with full knowledge of the possible consequences of his or her plea of guilty. I believe that there is a factual basis for the plea entered.

Dated this ___4th___ day of February, 2014.

_____
Gail K. Johnson
Attorney for Defendant

5